UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------- :

BRENDA MONTANEZ,                             :

                              Plaintiff,     :          19cv2173

                                             :

              -against-                      :          MEMORANDUM & ORDER

                                             :

TARGET CORPORATION,                          :

                                             :

                              Defendant.     :

                                             :

--------------------------------------------- :

WILLIAM H. PAULEY III, Senior United States District Judge:

   Plaintiff Brenda Montanez brings this personal injury action against Defendant

Target Corporation ("Target").  Montanez alleges that she slipped and fell at a Target store in the

Bronx.  Target moves for summary judgment dismissing this action.  For the reasons that follow,

Target's motion is denied.

BACKGROUND

   Approximately fifteen minutes after entering a Target store, Montanez slipped

and fell on water that was on the floor of a main aisle.  (Rule 56.1 Statement of Mat. Facts Resp.,

ECF No. 56-1 ("Pl.'s 56.1"), ¶¶ 1, 3–4; Decl. of Michael J. Crowley, ECF No. 49 ("Crowley

Decl."), Ex. F ("Montanez Dep."), at 12:17–19, 16:3–11.)  When entering the store, Montanez

walked down the opposite side of that aisle and did not notice any water.  (Montanez Dep., at

16:12–23; Pl.'s 56.1 ¶¶ 3–4.)  Similarly, she did not see any water on the floor as she returned

down the main aisle prior to falling.  (Pl.'s 56.1 ¶ 4; Montanez Dep., at 16:24–17:2.)

   While Montanez does not know how long the water was on the floor, she

observed that it "was dirty and dried at the edges, which [were] white and dark gray and [] made

1

[her] pants dirty and wet."  (Pl.'s 56.1 ¶ 6; see also Montanez Dep., at 17:12–18:21.)  Montanez

also testified that she left "a kind of skid mark" on the floor after falling.  (Montanez Dep., at

18:17–21.)

        At the time of Montanez's fall, five Target employees were standing nearby in the

same aisle where she fell.  (Montanez Dep., at 19:10–21:10.)  After falling, Montanez did not

speak to any of them.  (Pl.'s 56.1 ¶ 7.)

        What happened next is a matter of dispute between the parties.  Montanez

testified that after she fell, she overheard one Target employee admonish another employee for

not cleaning up the water when someone else had already fallen.  (Pl.'s 56.1 ¶ 8; Montanez Dep.,

at 22:12–15.)  Montanez never questioned any of the employees about that remark.  (Pl.'s 56.1

¶ 8.)  The employees summoned a store manager who took Montanez to customer service and

helped her fill out a Guest Incident Report.  (Pl.'s 56.1 ¶¶ 8–9, 11; Montanez Dep., at 26:7–19.)

Montanez neither mentioned the remark she overheard to the manager nor included it in the

incident report.  (Pl.'s 56.1 ¶¶ 10–11; Montanez Dep., at 29:18–24.)  Target maintains that there

was "no evidence of a prior slip and fall incident . . . anywhere in" the Target store on September

8, 2015.  (Reply Decl. of Michael J. Crowley, ECF No. 58, Ex. G, ¶ 5.)

## DISCUSSION

I.     Legal Standard

        "In a slip-and-fall case, the federal summary judgment standard differs from that

of New York."  Henry v. Target Corp., 2018 WL 3559084, at *1 (S.D.N.Y. July 24, 2018).

Under the Erie doctrine, while "New York Law supplies the elements of [a plaintiff's] cause of

action against [a defendant], federal procedural law provides the standard for deciding whether

[the defendant] is entitled to summary judgment on that cause of action." <u>Casierra v. Target Corp.</u>, 2010 WL 2793778, at *1 (E.D.N.Y. July 12, 2010).

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden to demonstrate "the absence of a genuine issue of material fact." <u>Celotex v. Catrett</u>, 477 U.S. 317, 323 (1986). There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) (quotation marks omitted). This Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in [her] favor." <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 740 (2d Cir. 2010). After the movant makes an initial showing that there is no material issue of fact, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial" without relying merely on allegations or denials in the pleadings. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986); <u>accord</u> <u>Wright v. Goord</u>, 554 F.3d 255, 266 (2d Cir. 2009).

II.   <u>Negligence</u>

To establish a <u>prima facie</u> case of negligence under New York law, "a plaintiff must show '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" <u>Caronia v. Philip Morris USA, Inc.</u>, 715 F.3d 417, 428 (2d Cir. 2013) (quoting <u>Akins v. Glens Falls City Sch. Dist.</u>, 424 N.E.2d 531, 535 (N.Y. 1981)). In a slip and fall action, a "plaintiff must [also] demonstrate that the [defendant] created the condition that caused the injury, or that the [defendant] had actual or constructive notice of the condition." <u>Gonzalez v. Wal-Mart Stores</u>, 299 F. Supp. 2d 188, 192 (S.D.N.Y.

2004) (citing <u>Taylor v. United States</u>, 121 F.3d 86, 89–90 (2d Cir. 1997)).  Summary judgment,

therefore, will be granted only if there are no genuine issues of material fact regarding creation,

actual notice, or constructive notice.  <u>See</u> <u>Gonzalez v. K-Mart Corp.</u>, 585 F. Supp. 2d 501, 503–

05 (S.D.N.Y. 2008) (granting summary judgment because there was no evidence in the record

establishing a genuine issue of material fact on creation, actual notice, or constructive notice).

Because Montanez does not claim that Target created the hazardous condition, this case is about

notice.  <u>See</u> <u>Quarles v. Columbia Sussex Corp.</u>, 997 F. Supp. 327, 332 (E.D.N.Y. 1998) ("Absent

a showing that the defendant created the condition, the plaintiff must demonstrate either actual or

constructive notice as an element of their prima facie case.")

      a.    <u>Actual Notice</u>

      Actual notice requires a plaintiff to prove that a defendant was aware of a

dangerous condition.  <u>Gonzalez</u>, 585 F. Supp. 2d at 504.  For example, a defendant has actual

notice if it receives reports of a hazardous condition such that it has actual knowledge.  <u>Quarles</u>,

997 F. Supp. at 332.  Montanez claims that Target had actual notice because one Target

employee admonished another for not cleaning up the water on the floor.

      Target argues that this statement is inadmissible hearsay.  Hearsay is defined as "a

declarant's out of court statement 'offer[ed] in evidence to prove the truth of the matter asserted

in the statement.'"  <u>United States v. Dupree</u>, 706 F.3d 131, 136 (2d Cir. 2013) (quoting Fed. R.

Evid. 801(c)).  "However, '[i]f the significance of an offered statement lies solely in the fact that

it was made, no issue is raised as to the truth of anything asserted, and the statement is not

hearsay.'"  <u>Dupree</u>, 707 F.3d at 136 (quoting Fed. R. Evid. 801(c)).  Indeed, a statement is not

hearsay if it is offered to show its effect on the listener.  <u>Dupree</u>, 706 F.3d at 136.  More

specifically, a statement offered "merely to show that the defendant was on notice of a danger, is

4

not hearsay." George v. Celotex Corp., 914 F.2d 26, 30 (2d Cir. 1990).  Here, Montanez offers the statement as proof that Target had knowledge of the dangerous condition on the floor of the store.  Accordingly, the statement would be admissible at trial to support Montanez's argument that Target had actual notice.

Further, "[a] statement is not hearsay if . . . [it] is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency of employment, made during the existence of the relationship."  Pappas v. Middle Earth Condominium Ass'n, 963 F.2d 534, 537 (2d Cir. 1992) (quoting Fed. R. Evid. 801(d)(2)(D)).  Statements by unidentified employees related to cleaning up a spill or mess are admissible under this rule.  See Smith v. Pathmark Stores, Inc., 485 F. Supp. 2d 235, 238–39 (E.D.N.Y. 2007) (admitting the statement of an unidentified store employee who told plaintiff "he was sorry for my slip and fall, that he was supposed to clean it up").

Target argues further that even if the employee's statement is not hearsay, it is speculative.  But Montanez claims that it was clear to her that the employee was admonishing the other for not cleaning up the water because the employees were already aware of the hazardous condition.  (Pl.'s 56.1 ¶ 8.)  Given this assertion, the timing of the statement, and the location of the Target employees at the time of the accident, a reasonable jury could infer that the statement—when viewed in the light most favorable to Montanez—was referring to the water that caused Montanez to slip and fall.  Accordingly, there is a genuine issue of material fact as to whether this statement constitutes actual notice.

b.  Constructive Notice

"'To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to

discover and remedy it.'"  Gonzalez, 299 F. Supp. 2d at 192–93 (quoting Gordon v. Am.

Museum of Nat. History, 492 N.E.2d 774, 775 (N.Y. 1986)).

       Target claims that because Montanez testified that she did not see the condition

when she walked down the aisle fifteen minutes before her fall, it could not have been on the

floor any longer than that.  But Montanez counters that when she entered the store, she walked

on the opposite side of the aisle.  (Pl.'s 56.1 ¶¶ 3–4; Decl. of Brett Hupart, ECF No. 55, Ex. 1,

¶ 7.)  Thus, a reasonable jury could conclude that the water was present in the aisle when

Montanez first walked by, but that she simply could not—or did not—see it.

       Additionally, "[e]vidence of constructive notice can be inferred from the

circumstances."  Touri v. Zhagui, 2010 WL 779335, at *5. (S.D.N.Y. March 5, 2010).  "[I]f a

plaintiff offers any proof as to how long [a] substance had been on the floor . . . [a] court [will]

not grant summary judgment in favor of the defendant."  Zhagui, 2010 WL 779335, at *4.  In

particular, the fact that a spill is dirty or partially dried can create a genuine issue of fact with

regard to constructive notice.  See Seixas v. Target Corp., 2017 WL 2178425, at *3 (E.D.N.Y.

May 16, 2017) (finding an issue of fact as to constructive notice where a puddle of spilled soap

was smeared and speckled with grime, indicating that the puddle had existed for a substantial

period of time).  Here, Montanez testified that "[t]he water was dirty and dried at the edges,

which [were] white and dark gray and [] made [her] pants dirty and wet."  (Pl.'s 56.1 ¶ 6; see

also Montanez Dep., at 17:12–18:21.)  When viewed in the light most favorable to Montanez, the

dirty and partially dried condition of the water creates a genuine issue of material fact as to

constructive notice.

CONCLUSION

For the forgoing reasons, Defendant's motion for summary judgment is denied.

The Clerk of Court is directed to terminate the motion pending at ECF No. 48.

Dated: March 2, 2021                    SO ORDERED:
      New York, New York

WILLIAM H. PAULEY III
U.S.D.J.

7